```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
JERRY I. TREPPEL,                   :  03 Civ. 3002 (PKL)(JCF)
                                    :
         Plaintiff,                 :  MEMORANDUM
                                    :  AND ORDER
    - against -                     :
                                    :
BIOVAIL CORPORATION, EUGENE N.      :
MELYNK,KENNETH C. CANCELLARA,       :
MICHAEL SITRICK, and SITRICK AND    :
COMPANY, INC.,                      :
                                    :
         Defendant.                 :
- - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

Plaintiff Jerry Treppel alleges that the defendants executed a smear campaign that sabotaged his career as a securities research analyst. The factual and procedural history of this case is discussed at length in four prior opinions. See Treppel v. Biovail Corp., No. 03 Civ. 3002, 2006 WL 278170 (S.D.N.Y. Feb. 6, 2006) ("Treppel IV"); Treppel v. Biovail Corp., No. 03 Civ. 3002, 2005 WL 2086339 (S.D.N.Y. Aug. 30, 2005) ("Treppel III"); Treppel v. Biovail Corp., No. 03 Civ. 3002, 2005 U.S. Dist. LEXIS 2737 (S.D.N.Y. Feb. 22, 2005) ("Treppel II"); Treppel v. Biovail Corp., No. 03 Civ. 3002, 2004 WL 2339759 (S.D.N.Y. Oct. 15, 2004) ("Treppel I"). After two rounds of motions to dismiss, the plaintiff's surviving claims include defamation, tortious interference with prospective economic advantage, and civil conspiracy. The parties are currently engaged in discovery, and defendant Biovail Corporation ("Biovail") has now moved for a protective order precluding the only two depositions noticed to date by the plaintiff. For the reasons described below, the motion

is granted.

Background

The plaintiff seeks to depose Dr. Douglas J.P. Squires, Chief Executive Officer and a member of the Board of Directors of Biovail (the "Board of Directors" or the "Board"), and Wilfred Bristow, another member of the Board. Each of these potential witnesses has submitted a declaration attesting that he has no personal knowledge of the facts underlying the claims and counterclaims. (Declaration of Wilfred Bristow dated Jan. 16, 2006, attached as Exh. C to Defendant Biovail Corporation's Memorandum of Law in Support of its Motion for a Protective Order ("Def. Memo."), ¶¶ 3-4; Declaration of Douglas J.P. Squires dated Jan. 6, 2006, attached as Exh. D to Def. Memo., ¶¶ 2-4). As of yet, the plaintiff has noticed no other depositions.

Discussion

"[H]igh ranking corporate executives are not automatically given special treatment which excuses them from being deposed." General Star Indemnity Co. v. Platinum Indemnity Ltd., 210 F.R.D. 80, 83 (S.D.N.Y. 2002) (quoting Kuwait Airways Corp. v. American Security Bank, N.A., Civ. A. No. 86-2542, 1987 WL 11994, at *4 (D.D.C. May 26, 1987)); see CBS, Inc. v. Ahern, 102 F.R.D. 820, 822 (S.D.N.Y. 1984) ("[T]he fact that the witness has a busy schedule is simply not a basis for foreclosing otherwise proper discovery."). Even where, as here, a high-ranking corporate officer denies knowledge of the underlying facts, that claim is "subject to testing by the examining party." Consolidated Rail

2

Corp. v. Primary Industries Corp., Nos. 92 Civ. 4927 & 92 Civ. 6313, 1993 WL 364471, at *1 (S.D.N.Y. Sept. 10, 1993) (citation omitted).

However, permitting unlimited access to corporate executives could disrupt their businesses and create a tool for harassment. See Armstrong Cork Co. v. Niagra Mohawk Power Corp., 16 F.R.D. 389, 390 (S.D.N.Y. 1954) ("The court should be alert to see that the liberal deposition procedure provided in the Federal Rules is used only for the purpose for which it is intended and is not used as a litigation tactic to harass the other side or cause it wasteful expense.") Despite the broad inquiry permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure, Rule 26(b)(2) authorizes courts to restrict discovery that is unreasonably burdensome:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (I) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed R. Civ. P. 26(b)(2). See also Fed. R. Civ. P. 26(g)(2) (attorney making discovery request must certify it is "not unreasonable or unduly burdensome" and not "interposed for any

3

improper purpose, such as to harass").

When considering whether to allow the deposition of a corporate executive, courts consider the likelihood that the individual possesses relevant knowledge and whether another source could provide identical information. See General Star, 210 F.R.D. at 83 (deposition permitted where no testimonial or other evidence that executives lacked personal information, and party seeking discovery had already pursued alternative sources); Six West Retail Acquisition, Inc. v. Sony Theatre Management Corp., 203 F.R.D. 98, 102 (S.D.N.Y. 2001) (plaintiff presented sufficient evidence to infer that chief executive officer had unique knowledge); Speadmark, Inc. v. Federated Department Stores, Inc., 176 F.R.D. 116, 117-18 (S.D.N.Y. 1997) (protective order denied where senior management official was present for numerous discussions concerning contract); Wertheim Schroder & Co. v. Avon Products Inc., No. 91 Civ. 2287, 1995 WL 6259, at *2 (Jan. 9, 1995 S.D.N.Y.) (deposition allowed where testimony of other witness indicated that chief financial officer had personal knowledge not wholly duplicative of other discovery); CBS, 102 F.R.D. at 822 ("Since it is apparent that [the executive witness] had personal knowledge of facts relevant to this lawsuit, plaintiff must carry a heavy burden to demonstrate good cause for a protective order."). Unless the executive has some "unique knowledge[,]" "it may be appropriate to preclude a redundant deposition" of that individual. Consolidated Rail Corp., 1993 WL 364471, at *1; accord Tri-Star Pictures, Inc. v. Unger, 171 F.R.D. 94, 102 (S.D.N.Y. 1997); see Naftchi v. New

4

York University Medical Center, 172 F.R.D. 130, 133 (S.D.N.Y. 1997) (court precluded deposition twice but finally permitted it after party conducted additional discovery).

In this case, several factors weigh in favor of disclosure. The matter concerns alleged misconduct and bias by an analyst reporting on publicly-traded companies. The parties have asserted multimillion dollar claims and counterclaims. Certainly, before proceeding to trial, the plaintiff requires and is entitled to extensive discovery concerning the defendants' alleged interactions with media representatives, as well as their related internal investigations and conversations.

However, the importance of the two proposed depositions has not been demonstrated. The plaintiff has not explained why the noticed individuals are believed to have personal knowledge of the underlying events, nor why that knowledge is believed to be unique. The plaintiff has made no attempt to depose any lower level executives, and, at the time he noticed the depositions, document discovery had not been completed. The defendant's motion is therefore granted, but the plaintiff is free to seek the depositions of Dr. Squires and Mr. Bristow if and when he has developed a foundation for the belief that they possess personal, non-duplicative knowledge of relevant facts.

SO ORDERED.

_____
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       February 28, 2006

Copies mailed this date:

R. Scott Garley, Esq.
Mark S. Sidoti, Esq.
Adam Richards, Esq.
Gibbons, Del Deo, Dolan, Griffinger
    & Vecchione PC
One Pennsylvania Plaza, 37th Floor
New York, New York  10119-3701

Andrew J. Levander, Esq.
Benjamin E. Rosenberg, Esq.
Neil Steiner, Esq.
Robert W. Topp, Esq.
Dechert, LLP
30 Rockefeller Plaza
New York, New York  10112

Marc E. Kasowitz, Esq.
Michael J. Bowe, Esq.
Rodney Villazor, Esq.
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York  10019-6799

Ronald Rauchberg, Esq.
Frank P. Scibilia, Esq.
Proskauer Rose LLP
1585 Broadway
New York, New York  10036